[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14664
_____

D.C. Docket No. 1:14-cr-20265-JEM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES BONNY GEFFRARD,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 19, 2016)

Before MARCUS, DUBINA, and MELLOY,[*] Circuit Judges.

PER CURIAM:

James Geffrard was sentenced to 204 months' imprisonment -- the mandatory minimum sentence required by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and 18 U.S.C. § 1028A(b) -- after pleading guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1); three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); and one count of possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3).  The district court sentenced Geffrard under ACCA after finding that he had three qualifying prior convictions, one of which -- fleeing or eluding a law enforcement officer in violation of Fla. Stat. § 316.1935(1) -- qualified as a violent felony under the residual clause of ACCA.

Geffrard has appealed his sentence, arguing, in part, that his conviction for fleeing or eluding a law enforcement officer should not qualify as a violent felony under ACCA because ACCA's residual clause is unconstitutionally vague. Subsequent to this appeal being filed, the Supreme Court issued its decision in Johnson v. United States, 135 S. Ct. 2551 (2015), striking down the residual clause as void for vagueness.  The government now concedes, as it must, that the residual

---

[*] Honorable Michael J. Melloy, United States Circuit Judge for the Eighth Circuit, sitting by designation.

clause of ACCA is unconstitutional, and that Geffrard's conviction for fleeing or eluding a law enforcement officer can no longer support an ACCA sentencing enhancement.

Thus, we conclude that the district court erred in sentencing Geffrard based on his previous conviction for fleeing or eluding a law enforcement officer under the now-unconstitutional residual clause of ACCA. Geffrard must be resentenced without reference to the residual clause. We leave it to the district court on remand to determine in the first instance: (1) whether to consider a burglary conviction listed in Geffrard's Presentence Investigation Report, when the government did not argue that the court should consider that conviction at Geffrard's original sentencing; and (2) if the district court does consider the burglary conviction, whether that conviction qualifies as a violent felony under ACCA's elements or enumerated crimes clauses. 18 U.S.C. § 924(e)(2)(B).

**VACATED AND REMANDED.**

3